### CHADWICK v. MANNING.

*(City Court of New York, General Term.* November 4, 1889.)

ATTORNEY AND CLIENT—ESTOPPEL TO DENY AUTHORITY.

   A party, by availing himself of a bond procured by his attorney to open up a default, thereby ratifies the act of his attorney, and is liable to the sureties for the amount they are obliged to pay on their undertaking.

Appeal from special term.

Action by Julian W. Chadwick against Jerome F. Manning. From a judgment entered on verdict in plaintiff's favor defendant appeals.

Argued before McADAM, C. J., and EHRLICH and HOLME, JJ.

*Philip Carpenter,* for appellant. *William J. Weldon,* for respondent.

PER CURIAM. The defendant was sued in the United States circuit court, and a default was taken against him, which was opened by order of the court upon condition that the defendant executed to the plaintiff an undertaking. with one or more sureties, conditioned to pay, upon demand, all costs which might be awarded against the defendant in the action, not exceeding $100. The plaintiff, at the request of the defendant's attorney in that action, executed the required bond. The defendant availed himself of the order opening the default, and thereby ratified and approved of the giving of the undertaking that secured him this benefit. He subsequently tried the cause in the United States circuit court, and was defeated. The plaintiff was obliged to pay $50 costs upon his undertaking, and the present action is to recover this sum as so much money paid to the defendant's use. It is too late now for the defendant to dispute the authority of his attorney in procuring a bondsman for his benefit. See *Palen* v. *Starr*, 7 Hun, 422. The defendant, by availing himself of the plaintiff's act, ratified the authority under which it was done, (Story, Ag. §§ 252–260; *Meehan* v. *Forrester*, 52 N. Y. 277,) and is liable for the consequences. The law, in the absence of an express promise on the part of the principal to indemnify the surety, implies a promise of indemnity to prevent injustice. Baylies, Sur. 340. Both sides requested the direction of a verdict, (*Green* v. *Shute, ante,* 69,) and the trial judge properly directed it in favor of the plaintiff. The direction was clearly right, and the judgment entered upon it must be affirmed, with costs. All concur.